IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LINDSEY NELSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 118-123 |
| | ) |
| JUDGE KATHY S. PALMER; | ) |
| HAYWARD ALTMAN, District Attorney; | ) |
| and LUCY JACKSON-BELL, Attorney, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* in this civil rights case concerning events related to his criminal proceedings in Jefferson County, Georgia. Counsel on behalf of Defendants Palmer and Altman, and on behalf of Defendant Jackson-Bell, have each filed a pre-answer motion to dismiss. (Doc. nos. 11, 16 (hereinafter, motions together as "Defendants' motions").) Plaintiff opposes the motions, (doc. nos. 25, 26, 38), and Defendants filed replies in support of their respective motions, (doc. nos. 33, 34). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, any potential state law claims be dismissed without prejudice, this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.  BACKGROUND

Plaintiff originally filed his complaint in the Northern District of Georgia and paid the $400.00 filing fee. (See doc. no. 1.) United States Magistrate Judge Alan Baverman transferred the case to this District because the events about which Plaintiff complains are related to criminal proceedings brought against him in Jefferson County, Georgia, within the Augusta Division of the Southern District. (Doc. no. 2.) Plaintiff previously filed two unsuccessful federal habeas corpus challenges concerning these same criminal proceedings. See Nelson v. Brown, CV 118-166 (S.D. Ga. Oct. 2, 2018); Nelson v. Frazier, CV 108-033 (S.D. Ga. Mar. 6, 2008). Defendants executed waivers of service, and timely filed the motions to dismiss now before the Court.

Plaintiff's criminal case commenced when twenty "selected, chosen, and sworn" grand jurors sitting in Jefferson County, Georgia, convened on May 29, 2001, and among other business, charged Plaintiff with two counts of burglary and one count of terroristic threats in an indictment signed by foreperson Ollie Carter and filed in the Clerk of Superior Court on June 1, 2001. Georgia v. Nelson, 01-CR-00059; doc. nos. 17-1, 17-2; doc. no. 25, pp. 19-20.[1]

---

[1] Plaintiff lists his case number in his complaint, but does not attach the official court documents. (See doc. no. 1.) Defendant Jackson-Bell attached court records to her motion to dismiss, some of which Plaintiff again attached, along with additional court records, to his opposition papers. (Doc. nos. 17-1 to 17-4; doc. nos. 25, 26.) The Court may consider the attachments without converting the motions to motions for summary judgment because (1) the attachments are central to Plaintiff's claims, and (2) the attachments are undisputed in that their authenticity is not challenged. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); see also Cunningham v. Dist. Att'y's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (allowing judicial notice of court proceedings in which a plaintiff in civil case was convicted or attacked conviction, including prior habeas proceedings brought in connection with the same conviction at issue); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (citing Fed. R. Evid. 201(b) and explaining court may take judicial notice of public records without converting motion to dismiss to motion for summary judgment). To the extent Plaintiff attacks the underlying validity of the indictment as part of his complaint, he does not challenge the authenticity of the actual document attached

A Jefferson County jury convicted Plaintiff of (1) burglary with intent to commit theft, (2) burglary with intent to commit terroristic threats, and (3) terroristic threats. Nelson v. State, 625 S.E.2d 465, 467 (Ga. Ct. App. 2005). The first and second burglary counts merged for sentencing purposes, and Plaintiff was sentenced to consecutive terms of imprisonment for twenty years and five years, without the possibility of parole. Id. at 472-73; doc. no. 17-4.

Defendants Palmer and Altman presided over Plaintiff's criminal trial as the Judge and Assistant District Attorney, respectively. (See doc. no. 1, p. 3.) Defendant Jackson-Bell served as Plaintiff's trial counsel. (Id.) Plaintiff does not state in the complaint whether he is suing Defendants in their individual or official capacity, or both. (Id.) He does state, however, in his opposition papers he is suing Defendants Palmer and Altman in their individual and official capacities. (Doc. no. 26, p. 1.)

Nor does Plaintiff identify in his complaint what federal or state law or constitutional provision any Defendant allegedly violated. (Doc. no. 1, pp. 3-4.) Rather, Plaintiff generally alleges all three Defendants conspired to obtain false convictions for burglary and terroristic threats pursuant to a fraudulently obtained indictment returned by an "illegally qualified Grand Jury." (Id.) All three Defendants knew the indictment was not proper, yet they all "allowed" the indictment to be filed and his case to be prosecuted based on the fraudulent charges. (Id.) In his opposition papers, Plaintiff states all three Defendants violated his Fifth Amendment rights, and Defendant Jackson-Bell committed fraud under Georgia statutes and

---

to Defendant Jackson-Bell's motion and submitted his own documentation verifying the Jefferson County Grand jury convened May 29, 2001, and returned thirty-two bills, including the charges against Plaintiff. (Doc. no. 25, pp. 19-20.)

3

provided ineffective assistance of counsel by allowing him to be prosecuted "under a false indictment." (Doc. no. 25, p. 1; doc. no. 26; doc. no. 38, p. 2.)

Fifth Amendment Due Process claim should be dismissed because they are not federal actors. As explained below, Defendants' motions should be granted.

### A.     Legal Standard for Rule 12(b)(6) Motion

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014).  The Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in Plaintiff's favor.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The Court must also consider Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8.  Id.  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94. However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.  Plaintiff's Claims Are Barred by Heck v. Humphrey

Plaintiff's complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the plaintiff can show his conviction has already been invalidated. Id. at 487. In short, a claim for monetary damages or injunctive or declaratory relief that challenges Plaintiff's conviction is not cognizable under § 1983. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (concluding "cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction . . .) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"); Heck, 512 U.S. at 483; Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (*per curiam*) ("Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release -are simply not cognizable under § 1983."); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining claims challenging fact of conviction or duration of sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Plaintiff claims: (1) the indictment charging him was invalid because there is no record of any minutes or proceedings of a grand jury summoned or sworn in the Superior Court of Jefferson County in May, 2001; and (2) Defendants Palmer and Altman joined in a conspiracy with Defendant Jackson-Bell to accept the jury's guilty verdict when they knew the charging indictment was invalid. (See doc. no. 1, pp. 3-4.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state convictions. Zeigler v. Woodford, No. 5:17-CV-00480, 2018 WL 2248754, at *3 (M.D. Ga. Apr. 27, 2018) (collecting cases standing for proposition Heck bars § 1983 claims alleging invalidity of state court indictment), *adopted by*, 2018 WL 2247249 (M.D. Ga. May 16, 2018).

Yet, Plaintiff has not pointed to a "conviction or sentence . . . reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus." Heck, 512 U.S. at 487. Indeed, Plaintiff's opposition to the motion to dismiss does not address Heck but simply reiterates Plaintiff's contention the indictment is invalid. (See doc. no. 26.) Likewise, where "success on his conspiracy claim necessarily would impugn the validity of [plaintiff's] conviction," and such conviction has not been overturned, the claim will be barred by Heck. See Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (*per curiam*) (allegation that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and "improperly prosecute[]" plaintiff were barred by Heck); see also Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir. 2008) (*per curiam*) (district court properly found that "claim against the Assistant District Attorney for conspiring with [the plaintiff's] counsel to coerce him into pleading guilty" was barred by Heck because plaintiff failed to allege his sentence or conviction had been reversed).

Moreover, vague and conclusory allegations will not support a conspiracy claim. Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed."); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." (citation omitted)).

Because Plaintiff has not shown his convictions and sentence have been invalidated, and because he has not shown a favorable ruling on his § 1983 claims would not imply the invalidity of his convictions or sentence, his claims - both monetary and equitable - are barred under Heck.

**C.     Even If His Claims Were Not Barred, Defendants Palmer and Altman Are Protected by Judicial and Prosecutorial Immunity**

Plaintiff's request for monetary damages against Judge Palmer is barred by judicial immunity.[2]  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'").  Thus, the Court must determine whether Judge Palmer was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside her subject matter jurisdiction.  See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Palmer acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether her actions were taken in her judicial capacity, that is actions of the type normally performed by judges.  Id. at 360-62.

---

[2]To the extent Plaintiff's claims against Judge Palmer could be construed as a request for injunctive relief, such claims are not barred by the same principles as those barring requests for monetary damages.  See Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*).  Nonetheless, such a request for injunctive relief would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994), as discussed *supra*, Part II.B.

Here, Plaintiff alleges Judge Palmer allowed the criminal proceedings to go forward based on an invalid indictment and then accepted the jury's guilty verdict that has resulted in Plaintiff's continuing but illegal incarceration. (See doc. no. 1.) Plaintiff provides no details to suggest the challenged actions were not of the type normally performed by judges, i.e., conducting criminal proceedings and presiding over a criminal trial. Rather he does not like the actions Judge Palmer took while presiding over his trial. "Disagreement with the action taken by the judge, however, does not justify depriving that judge of [her] immunity." Stump, 435 U.S. at 363. Thus, Judge Palmer enjoys immunity from Plaintiff's claims against her.

Likewise, Plaintiff's claims against Defendant Altman are subject to dismissal because his role as a prosecutor entitles him to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg, 566 U.S. at 363. "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).

Plaintiff claims Defendant Altman knew the grand jury did not return a valid indictment forming the basis for Plaintiff's prosecution and ultimate conviction. Thus, he is

9

complaining about actions taken by Defendant Altman in initiating and pursuing a criminal prosecution. However, none of Plaintiff's allegations show Defendant Altman ever acted beyond his function as prosecutor. Accordingly, Defendant Altman is entitled to prosecutorial immunity for Plaintiff's claims against him.

### D. Eleventh Amendment Immunity

Defendants Palmer and Altman also assert they are protected from Plaintiff's official capacity claims by the Eleventh Amendment. (Doc. no. 11-1, pp. 11-12.) "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) and footnote omitted). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid of out the public fisc." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1577 (11th Cir. 1994) (citations omitted). Plaintiff does not dispute Defendants Palmer and Altman were, at all times relevant to the complaint, employed by the State as a judge and prosecutor, respectively, working in the Superior Court of Jefferson County. As the Eleventh Amendment "bar [to damages against a State in federal court] remains in effect when State officials are sued for damages in their official capacity," Plaintiff's official capacity claims against Defendants Palmer and Altman for monetary relief must be dismissed. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).

### E. Any Potential State Law Claims Should Be Dismissed without Prejudice

Defendants Palmer and Altman also argue Plaintiff's state law claims are barred by Eleventh Amendment immunity and State Sovereign immunity. (Doc. no. 11-1, pp. 12-17.) To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing

Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims serving as the basis for original federal court jurisdiction must be dismissed. Thus, without the federal claims, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.")

**F.    Plaintiff Fails to State a Claim for Relief Against Defendant Jackson-Bell**

Although Plaintiff did not initially identify the nature of his claim against Defendant Jackson-Bell, he states in his first opposition briefing he is asserting a Fifth Amendment claim, as well as a state fraud and false imprisonment claim. (Doc. no. 25.) Upon receipt of Defendant Jackson-Bell's reply in support of her motion, Plaintiff then attempted to raise a quintessential habeas corpus claim of "ineffective assistance of counsel." (Doc. no. 38.) As explained above, to avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff has not done so with respect to this Defendant.

First, the Fifth Amendment does not apply to Defendant Jackson-Bell because she was not a federal government actor. See Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 213 (1995) (the "Court has always understood that Clause [Due Process of Fifth

Amendment] to provide some measure of protection against arbitrary treatment by the *Federal* Government" (emphasis added)); Pittman v. State Farm Fire & Cas. Co., 662 F. App'x 873, 882 (11th Cir. 2016) (*per curiam*) ("The Fifth Amendment, which protects individuals from being 'deprived of life, liberty, or property, without due process of law,' applies to only federal, not state, actors." (citations omitted)).[3]

Second, Plaintiff does not allege Defendant Jackson-Bell was present during the grand jury proceedings. Indeed, secrecy is one of the linchpins of grand jury proceedings in Georgia. See Anderson v. State, 365 S.E.2d 421, 425-26 (Ga. 1988). Moreover, as the official court records show, a duly sworn grand jury of twenty persons met, heard the evidence, and made a charging decision. (Doc. nos. 17-1, 17-2; doc. no. 25, pp. 19-20.) Plaintiff himself signed the indictment showing the signature of the grand jury foreperson and the filing date in Jefferson County Superior Court. (Doc. no. 17-1.) In any event, "[e]very indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." O.C.G.A. § 17-7-54. Plaintiff's conclusory allegations, belied by court documentation, does not raise his claimed "right to relief above the speculative level." Twombly, 550 U.S. at 555.

Third, Plaintiff never alleged ineffective assistance of counsel in his complaint, but even if he had, such a claim does not form the basis for § 1983 relief. According to

---

[3] As noted previously, Defendants Palmer and Altman also correctly raised the inapplicability of the Fifth Amendment, as they, too, are State, not federal, actors. (See doc. no. 33, p. 3.)

Plaintiff's reply, if only Plaintiff had done a proper investigation, the outcome of his case would have been different, and thus he is entitled to be released. (Doc. no. 38.) As discussed in detail above, such a claim, even if it had been made in Plaintiff's § 1983 complaint, is barred by Heck v. Humphrey. Indeed, as Plaintiff made an ineffective assistance of counsel claim based on the same underlying issues in 2008, he is aware ineffective assistance of counsel claims seeking release from custody are properly raised in a habeas corpus petition. See Nelson, CV 108-033, doc. nos. 1, 16, 20, 21.

Fourth, to the extent Plaintiff had raised any valid § 1983 claim against Defendant Jackson-Bell, any such claim is barred by the statute of limitations. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

There is no dispute Defendant Jackson-Bell represented Plaintiff at the pretrial and trial stages of his case in 2001. After his jury trial conviction, new counsel represented Plaintiff. (Doc. no. 17-4.) Plaintiff knew or should have known about the issues forming his dissatisfaction with Defendant Jackson-Bell's representation at that time. Additionally, his dissatisfaction with counsel was presented in his ineffective assistance of counsel claims in his 2008 federal habeas corpus petition. See Nelson, CV 108-033. For the reasons explained above in Section II.E, the Court recommends dismissal without prejudice of any potential state law claims, but to the extent Plaintiff had raised any viable § 1983 claim against Defendant Jackson-Bell, which he has not, any such claim would be barred by the two-year statute of limitations, and any such claim would therefore be subject to dismissal.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motions be **GRANTED**, (doc. nos. 11, 16), any potential state law claims be dismissed without prejudice, this civil action be **DISMISSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 2nd day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA